UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Robert Bosch LLC,

        Plaintiff,        Case No. 18-11068

v.        Judith E. Levy
        United States District Judge

Autoliv-Nissin Brake Systems
America LLC and Eduardo        Mag. Judge Anthony P. Patti
Herrera,

        Defendants.

_____/

## ORDER APPOINTING EXPERT WITNESS PURSUANT TO FEDERAL RULE OF EVIDENCE 706

This matter having come before the Court for a status conference on November 19, 2019, and the Court having issued its Order for Appointment of Rule 706 Expert (ECF No. 34);

IT IS HEREBY ORDERED THAT:

1. The Court appoints Robert Nisonger, PE, as an expert witness (the "Expert") to serve and assist the Court in technical matters related to the alleged trade secrets to be identified by Plaintiff and the alleged misappropriation by Defendants.

2. Plaintiff shall, within nine days after entry of this Order, provide the Court, Expert and Defendants with a written description of the specific trade secrets it alleges have been misappropriated (the "Alleged Trade Secrets"). The written descriptions shall include the identification of the specific formula, design, process, pattern, method or technique and how it derives independent economic value by not being known by third parties. The Alleged Trade Secrets may be designated as "Highly Confidential Attorneys Eyes Only" under the Stipulated Protective Order and may be filed under seal. Nothing herein shall preclude Plaintiff from, in the future, seeking leave to amend its Alleged Trade Secrets.

3. The Expert shall conduct interviews with Plaintiff's engineering personnel familiar with the Alleged Trade Secrets for the purposes of understanding the nature and value of the Alleged Trade Secrets. The interviews may be attended by counsel for the parties.

4. The Expert shall review the change logs and other product development information for the Ford F150 and T6 projects with engineering representatives of Defendant Autoliv-Nissin Brake Systems, LLC, n/k/a Veoneer-Nissin Brake Systems, LLC ("VNBS") in order to

determine if any of the Alleged Trade Secrets have been used (and not independently developed or acquired from a third party with the legal right to disclose the information) by VNBS. The interviews with VNBS personnel may be attended by counsel for the parties.

5. The Expert may request and conduct interviews of any party, its representatives, or any third-party that may assist him in the performance of his duties. The interviews may be attended by counsel for the parties.

6. The Expert may request additional information or production of additional documents that may assist him in the performance of his duties. Documents produced to the Expert will be produced to the parties and may be designated as "Highly Confidential Attorneys Eyes Only" under the Stipulated Protective Order.

7. On or before February 14, 2020, the Expert will issue a report to the Court and the parties with his findings and conclusions with respect to the identification of the Alleged Trade Secrets and the use or non-use of the Alleged Trade Secrets by VNBS, and whether they were independently developed by VNBS or acquired by VNBS from a third party with the legal right to disclose the information to VNBS. The

Expert's report shall include the Expert's opinions; the bases for those opinions; the facts or data considered (including the documents considered); and any assumption(s) the Expert made.

8. The fees and costs of the Expert shall be shared equally (i.e., 50/50) by Plaintiff and Defendants.

IT IS SO ORDERED.

Dated: December 17, 2019  s/Judith E. Levy
Ann Arbor, Michigan  JUDITH E. LEVY
  United States District Judge

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served upon counsel of record and/or pro se parties on this date, December 17, 2019, using the Electronic Court Filing system and/or first-class U.S. mail.

  s/William Barkholz
  Case Manager